Alexander T. Marx (SBN 295624)
Alexander.Marx@jacksonlewis.com
Theresa H. Savage (SBN 166684)
Theresa.Savage@jacksonlewis.com
JACKSON LEWIS P.C.
3390 University Avenue, Suite 110
Riverside, CA 92501
Telephone:  (951) 848-7940
Facsimile:  (951) 848-0009

Attorneys for Defendant
ULRICH MEDICAL USA, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, CENTRAL DIVISION

| | |
|---|---|
| JULIE GIFFORD, an individual,<br><br>               Plaintiff,<br><br>    vs.<br><br>ULRICH MEDICAL USA, INC., an unknown business entity; and DOES 1 through 25, inclusive<br><br>               Defendants. | CASE NO.: 8:25-cv-770<br><br>**DEFENDANT ULRICH MEDICAL USA, INC.'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, and 1453**<br><br>[Filed concurrently with Civil Cover Sheet; Declarations of Alexander T. Marx, Theresa H. Savage and Eric Gibbs; Notice of Interested Parties; and Corporate Disclosure Statement]<br><br>Complaint Filed:  March 11, 2025 |

**TO THE HONORABLE COURT AND TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant ULRICH MEDICAL USA, INC. ("Defendant") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) to remove this action from the Superior Court of California for

the County of Orange on the grounds of diversity of citizenship.  In support thereof, Defendant asserts the following:

### DIVERSITY JURISDICTION

1.     This Court has original jurisdiction over this matter pursuant to 28 U.S.C. Sections 1332 and 1441.  This case may be removed pursuant to 28 U.S.C. Sections 1332, 1441, and 1446 because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### PLEADINGS AND PROCESS

2.     On March 12, 2025, Julie Gifford ("Plaintiff") filed a Complaint against Defendant in Orange County, Central Justice Center, entitled *Julie Gifford, an individual, vs. Ulrich Medical USA, Inc., an unknown business entity; and Does 1 through 25, inclusive*, Case No. 30-2025-01466207-CU-OE-CJC. True and correct copies of Complaint, Summons, and all accompanying documents filed by Plaintiff are attached to the Declaration of Alexander T. Marx ("Marx Decl.") as Exhibit A. (Marx Decl., ¶ 2; Exhibit A.) *See also* 28 U.S.C. § 1446(a).

3.      On March 14, 2025, Plaintiff personally served Defendant by delivering the Summons and Complaint to Hans Stover, Ulrich Medical USA, Inc., 3700 E. Plano Pkwy, Ste 200, Plano, TX 75075-1832. (Marx Decl., ¶ 4; Exhibit C.)

4.     On April 11, 2025, Defendant filed and served its Answer to Plaintiff's Complaint in Orange County Superior Court, Central Justice Center. (Marx Decl., ¶ 5; Exhibit D.)  Exhibits A, B, C, and D constitute all filings in this matter in Superior Court as of the date of this Notice of Removal.

5.     In the Complaint, Plaintiff alleges causes of action for: (1) Sexual Harassment; (2) Failure to Prevent Sexual Harassment; (3) Gender Discrimination; and (4) Failure to Pay Wages Upon Separation.  (*See* Complaint, attached as Exhibit A to Marx Decl. at ¶ 2.)

### TIMELINESS OF REMOVAL

6.     This Removal is timely because it is being filed within thirty (30) days after

Defendant Ulrich Medical USA, Inc. was served with a copy of Plaintiff's Summons and Complaint on March 14, 2025. (*See* Marx Decl., ¶¶ 2, 4; Exhibits A, C.) This Removal is therefore filed within the time frame mandated by Section 1446(b), because the deadline to remove is Sunday, April 13, 2025. Sunday being a holiday, the next business day is Monday, April 14, 2025. (*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 356 (1999) [holding the thirty-day removal deadline is triggered by actual service of the complaint].)

## NOTICE TO ALL PARTIES AND STATE COURT

7. In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk and the San Bernardino County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

## VENUE

8. Venue of this action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is the judicial district of this Court in which the action arose, where Plaintiff resides, and where the causes of action arose.

## DIVERSITY OF CITIZENSHIP

9. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed to this Court by Defendants pursuant to the provisions 28 U.S.C. section 1441(b) in that it is a civil action between citizens of different states.

## Plaintiff Julie Gifford

10. For purposes of determining diversity of citizenship, an individual is deemed a citizen of the state in which they are domiciled. (*Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).) A plaintiff's place of residency is evidence of their domicile absent affirmative allegations to the contrary. (*District of Columbia v. Murphy*,

Case No.:     3     DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

314 U.S. 441, 455 (1941) ["The place where a man lives is properly taken to be his domicile until facts adduced establish the contrary."]); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) [noting a party's residence is *prima facie* evidence of his domicile]); *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954) ["the place of residence is *prima facie* the domicile"].)

11.     Plaintiff was employed by Defendant Ulrich Medical USA, Inc. During the time period relevant to the complaint, Plaintiff worked as Regional Sales Manager of the West; Plaintiff's territory included Orange County, Los Angeles County, and San Diego County. (*See* Complaint, attached as Exhibit A to Marx Decl. at ¶ 19.) Further, Plaintiff's Complaint affirmatively alleges that she is a resident of California. (*See* Complaint, ¶ 1.) Accordingly, Plaintiff is presumptively a citizen of California.

### **Defendant Ulrich Medical USA, Inc.**

12.     Pursuant to 28 U.S.C. section 1332 (c)(1), a corporation is a citizen of any state in which it is incorporated in addition to the state where it maintains its principal place of business. The United States Supreme Court has specifically recognized a corporation's "principal place of business" is its "nerve center" or the state where high level officers direct, control, and coordinate the corporation's activities. (*Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010).)  In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state. (*Id.*)

13.     Here, Ulrich Medical USA, Inc. is a corporation duly created and organized under the laws of the State of Delaware, with its headquarters in Plano, Texas. (Declaration of Eric Gibbs ("Gibbs Decl."), ¶ 3.)  The corporate officers of Ulrich Medical USA, Inc. are based in Plano, Texas.  The principal place of business of Ulrich Medical USA, Inc. is in Plano, Texas, where the corporate officers direct, control, and coordinate the corporation's activities.  The corporate officers of Ulrich Medical USA, Inc. do not engage in primary, fundamental operations in California.  (*Id.*)  Accordingly,

Defendant Ulrich Medical USA, Inc. is a citizen of Delaware and Texas for diversity purposes.

14.  Pursuant to Section 1441(b)(1), the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity of citizenship between the parties to an action.  (*See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998) [holding the "district court was correct in only considering the domicile of the named defendants"].)  Defendants are informed and believe, and on that basis asserts, that no other defendant in this action has been properly joined and served as provided in Section 1441(b)(2).

15.  Based on the foregoing, this action is one between "citizens of different States" in accordance with Section 1332(a).

16.  Thus, with Plaintiff as a citizen of California, and Defendant as a citizen of Delaware and Texas, complete diversity of citizenship between the parties exists within the meaning of 28 U.S.C. § 1332.

### Basis for Amount in Controversy

17.  Without conceding that Plaintiff is entitled to damages or can recover damages in any amount whatsoever, the amount in controversy in this action exceeds $75,000.  28 U.S.C. §1332(a).

18.  In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of her claims. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) [the amount in controversy analysis presumes that "plaintiff prevails on liability"], and *Angus v. Shiley Inc.*, 989 F.2d 142, 146  (3d Cir. 1993) ["the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"].)  Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. (*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (2002), citing

| Case No.: | | 5 | DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

*Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).)

19.    In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. (*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002).) The Court must consider all recoverable damages, including liquidated damages and punitive damages. (See *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (superseded by statute on other grounds).)

20.    In accordance with the above, in estimating amount in controversy damages here, Defendant assumes the truth of Plaintiff's allegations as stated in the Complaint. In doing so, Defendant does not assert or admit that any allegation in Plaintiff's Complaint is true. In particular, Defendant does not assert or admit that any adverse employment actions that Plaintiff's Complaint describes occurred.

21.    The amount in controversy may include general and special compensatory damages and attorney's fees that are recoverable by statute, such as the FEHA claims at issue in this case. (*Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (1998) and *Goldberg v. CPC Int'l, Inc*. 678 F.2d 1365, 1367 (1982), cert. denied, 459 U.S. 945 (1982) [attorney's fees may be taken into account to determine jurisdictional amount].)

22.    The Court may examine the nature of the action and the relief sought, and take judicial notice of attorney's fee awards in similar cases. (*See e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (2002) [attorneys' fees in individual employment discrimination cases often exceed damages].) Indeed, cases in the Ninth Circuit establish that statutory attorneys' fees will be included as a basis for determining the jurisdictional amount in controversy. (*See Galt G/S*, 142 F.3d at 1155-56.) Furthermore, such fees are calculable beyond the time of removal. (*Simmons*, 209 F.Supp.2d at 1035.)

23.    When the allegations in a complaint do not establish the amount in controversy, a removing defendant can do so by "provid[ing] evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" the jurisdictional

Case No.:                                      6    DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

minimum.  (*Simmons*, 209 F.Supp.2d at 1035*.; see also Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (2013) ["A defendant seeking removal . . . must demonstrate, by a preponderance of evidence, that the *aggregate* amount in controversy exceeds the jurisdictional minimum" in any case in which "the plaintiff does not plead a specific amount in controversy"] (emphasis added).)

24.    The Complaint does not specify the total amount of monetary relief sought. However, the failure of the Complaint to specify the total amount of monetary relief sought by Plaintiff does not deprive this Court of jurisdiction.  (*See* 28 U.S.C. § 1446(c)(2)(a) [allowing the Notice of Removal to assert the amount in controversy if the initial pleading seeks non-monetary relief or a money judgment, the state practice does not permit a demand for a specific sum and the District Court finds by a preponderance of the evidence that the amount in controversy exceeds $75,000.00]; *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 26 (S.D. W.Va. 1994) [defendant may remove suit to federal court notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy; if the rules were otherwise, "any plaintiff could avoid removal simply by declining….to place a specific dollar value upon its claim."].)  A defendant need only establish by a preponderance of the evidence that it is more probable than not that the plaintiff's claimed damages exceed the jurisdictional minimum.  (*Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1997).)  Further, in determining whether a complaint meets the amount in controversy threshold for a removal under 28 U.S.C. section 1332(a), a court may consider the aggregate value of claims for compensatory damages and statutory penalties.  (*See e.g., Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir. 1975) ["It is settled that the statutory penalty and a statutory attorney's fees can be considered in determining whether the jurisdictional amount is met."].)

25.    Here, Defendant has a reasonable, good faith belief that Plaintiff seeks damages well in excess of $75,000 and the jurisdictional requirements of this Court.

Case No.:                                      7       DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

Plaintiff's Complaint alleges the following causes of action: (1) Sexual Harassment; (2) Failure to Prevent Sexual Harassment; Gender Discrimination; and Failure to Pay Wages Upon Separation. (*See* Complaint.)

## Economic Damages

26.     Prevailing plaintiffs in an employment termination case are generally entitled to past and future loss of earnings. (*Villacorta v. Cemex Cement, Inc.*, 221 Cal.App.4th 1425, 1432 (2013); *see also Wysinger v. Automobile Club of Southern California*, 157 Cal.App.4th 413, 427 (2007) ["Under FEHA, an employee…may be compensated for future loss of earnings."].) Both past and future loss of earnings are considered for the purposes of calculating the amount in controversy, even though the amount in controversy is assessed at "the time of removal." (*Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 417 (9th Cir. 2018) ["…[T]here is no question that future wages are 'at stake' in the litigation, whatever the likelihood that [Plaintiff] will actually recover them."].)

27.     Here, when Plaintiff's employment ended, she was a Regional Sales Manager of the West, earning a base salary of $145,000 per year. Additionally, for the calendar year of 2024, records show that Plaintiff earned a total of $182,052.50 in commissions and bonuses, plus benefits. (Gibbs Decl., ¶ 4.) Plaintiff's last day of work was November 25, 2024. Plaintiff's back pay, calculated from the date of her alleged termination to the filing of this Notice of Removal on April 11, 2025, totals approximately $55,180. A conservative estimate of one to two years of front pay would total approximately $145,000 to $290,000. Accordingly, Plaintiff's back pay and front pay total approximately $200,180 to $345,180. ***This item of damages alone meets the amount in controversy requirement.***

## Non-Economic Damages

28.     Plaintiff also seeks emotional distress damages, which are available under FEHA and wrongful termination claims. (*See Konig v. Fair Employment & Housing Com.*, 28 Cal.4th 743 (2002); *see also Silo v. CHW Medical Foundation*, 86 Cal.App.4th

947, 955 (2001).)  In providing evidence to demonstrate the amount of such damages in controversy, the removing party may point to jury verdicts in analogous cases.  (*See, e.g., Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002).)*

29. In support of her claim for emotional distress damages, Plaintiff alleges that from the outset of her employment, June 12, 2023, she noticed that the culture at Defendant was "male dominated." (Complaint, ¶¶ 15, 20.)

30. On or about October 31, 2024, when Plaintiff was attending a national sales meeting, Plaintiff alleges that she received an inappropriate text from Regional Vice President for the Central Region, with a picture of his hotel bed. (Complaint, ¶ 22)

31. During an event on or about November 1, 2024, Plaintiff alleges that she met with the Regional Manager for the Southern Region, Justin Good, because he asked to talk about work. At this meeting, Plaintiff alleges that Good made unwelcome sexual advances toward her. (Complaint, ¶ 23.)

32. On or about November 14, 2024, Plaintiff alleges that she reported Day's alleged sexual harassment to Defendant. She later told Defendant she was resigning because her complaints were not taken seriously. (Complaint, ¶¶ 24, 25.)

33. Plaintiff allege that her confidential complaints became common knowledge at the company and on November 25, 2024, a male Regional Manager told Plaintiff he had heard about her complaints, The manager allegedly told Plaintiff that she was a pretty girl and not be alone with a male manager. (Complaint, ¶¶ 26, 27.)

34. At trial, Plaintiff may seek and receive an award of past and future emotional distress damages in excess of the jurisdictional $75,000.  This is supported by jury verdicts in similar cases.

35. For instance, in *Mendoza v. County of Orange*, Orange County Superior Court Case NO. 30-2019-01063389-CU-OE-CJC, a plaintiff was awarded $1,237,854 in past lost earnings, past emotional distress, and future emotional distress. The plaintiff was sent a pornographic image/GIF from her supervisor. The plaintiff alleged that because of the continued harassment, she no longer could do her job and was forced to resign. The

| Case No.: | 9 | DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

plaintiff sued claiming sexual harassment, a hostile work environment and whistleblower retaliation. The defendant claimed that it properly investigated the sexual harassment allegations and disciplined the supervisor appropriately, and that the working conditions were not intolerable.  (*See* Declaration of Theresa H. Savage ("Savage Decl."), ¶ 2; Exhibit F, filed concurrently herewith.)

36.    In *Gonzalez v. Lazer Broadcasting Corporation, et al.,* Ventura  Superior Court Case No. 56-2018-00513624-CA-OE-VTA, a plaintiff was awarded a total of $1,076,500, as follows: $500,000 in punitive exemplary damages; $301,500 economic loss; and $275,000 in emotional distress. The plaintiff reported that a male co-worker sexually harassed her and that she confronted him. The defendant disciplined the plaintiff for confronting the co-worker and provided a write-up instructing the plaintiff to refrain from addressing rumors in the workplace. The plaintiff went on medical leave then resigned. The plaintiff sued the defendant alleging constructive discharge, violations of the California Labor Code, sexual harassment, hostile work environment, retaliation for reporting sexual harassment, and failure to pay overtime and meal breaks. The defendant denied the allegations. (Savage Decl., ¶ 2; Exhibit G.)

37.    In *Ballard v. Brennan, Postmaster General of the United States of America,* United States District Court, Centra District, Los Angeles, CA, Case No. 2:20-cv-2679, a plaintiff was awarded $250,000 by the jury. The plaintiff, a clerk for the U.S. Post Service, alleged she was sexually harassed by a male co-worker. When the harassment continued, she complained about his conduct to her supervisors. After the co-worker allegedly sexually assaulted the plaintiff, she made a discrimination and harassment complaint to the USPS equal-employment-opportunity counselor. Thereafter, the USPS changed the plaintiff's schedule. The plaintiff sued the postmaster general alleging the failure of the USPS to address the co-worker's actions created a hostile work environment and the USPS retaliated against her. The plaintiff claimed that she suffered from anxiety as a result of the events, and that she continues to have anxiety and panic attacks. As a result, she had to seek medical treatment and use leave time due to her

10    DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA

condition. The defendant claimed that there were legitimate business reasons for all of the USPS's actions. The jury found that the plaintiff was subjected to a sexually hostile work environment but that she was not subjected to retaliation. (*See* Savage Decl., ¶ 2; Exhibit H.)

## Attorneys' Fees

38. In calculating the amount in controversy, a court may also consider attorneys' fees if authorized by statute or contract. (*Kroske v. U.S. Bank Corp.* (9th Cir. 2005) 432 F.3d 976, 980.) "[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees are to be included in the amount in controversy." (*Galt G/S v. JSS Scandinavia* (9th Cir. 1998) 142 F.3d 1150, 1156.) Attorneys' fees are recoverable by the prevailing party in a FEHA action. (*Simmons v. PCR Tech.* (N.D. Cal. 2002) 209 F. Supp. 2d 1029, 1034 [citing Cal. Gov. Code, § 12965].) Furthermore, such fees are calculable beyond the time of removal. (*Simmons*, 209 F.Supp.2d at 1035.)

39. At a modest rate of $250 per hour, Plaintiff would reach the jurisdictional threshold of $75,000 in 300 hours. (*Tiffany v. O'Reilly Auto. Stores, Inc.* (E.D. Cal. Sept. 10, 2013) No. CIVS-13-0926 LKK/KJN, U.S. Dist. LEXIS 130082 [estimating future attorneys' fees using rate of $250 per hour].) Thus, Plaintiff's attorneys' fees alone will exceed $75,000 if the case proceeds to trial.

40. Defendant's attorney, Alexander T. Marx, has represented employers in employment litigation for more than 10 years in California, and is familiar with fees requested by plaintiff's counsel in similar actions filed in California and federal court. (Marx Decl., ¶ 8.) Based on Mr. Marx's experience, Plaintiff's counsel's experience, and Plaintiff's allegations, it would not be unreasonable to expect that Plaintiff's attorneys' fees alone would exceed the sum of $75,000 through trial. Marx Decl., ¶ 8.)

41. Accordingly, the potential damages available for economic and non-economic damages, punitive damages and attorneys' fees far exceed the jurisdictional minimum.

| Case No.: | 11 | DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA |

## CONCLUSION

42.    For the above reasons, the requirements of complete diversity and amount in controversy are both satisfied. This Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and Defendant may remove this case to this Court pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.


Dated:  April 14, 2025                    JACKSON LEWIS P.C.


                                          By:  /s/ Alexander T. Marx
                                              Alexander T. Marx
                                              Theresa H. Savage
                                              Attorneys for Defendant
                                              ULRICH MEDICAL USA, INC.
                                              4921-4577-6947, v. 5

Case No.:                              12   DEFENDANT'S NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA